**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Capitol Specialty Insurance Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Colorado River Consulting Incorporated, et al.,<br><br>Defendants. | No. CV-21-00858-PHX-DJH<br><br>**ORDER** |

Defendant/Counter Claimant/Third-Party Plaintiff Jeffrey Nigh ("Nigh") has filed a four page Amended Motion for Summary Judgment (Doc. 33)[1] against Third-Party Defendant Cal Valley Insurance Services, Inc. ("Cal Valley"). Cal Valley has also filed a Motion to Strike (Doc. 49)[2] the supplemental evidence presented in Nigh's Reply to his Motion (Doc. 48). The Court must decide whether Nigh's Motion complies with the rules governing summary judgment. Finding it wholly deficient, the Court denies Nigh's Amended Motion for Summary Judgment and thus denies Cal Valley's Motion to Strike as moot.

**I.   Background**

Nigh owns Defendant/Counter Claimant/Third-Party Plaintiff Colorado River Consulting, Inc. ("CRC"). (Doc. 1 ¶ 9; 11 at ¶ 1). Nigh and CRC claim to have had a

---

[1] The matter is fully briefed. Cal Valley filed a Response (Doc. 47) and the Third-Party Plaintiffs filed a Reply (Doc. 48).

[2] The matter is fully briefed. The Third-Party Plaintiffs filed a response (Doc. 50) and Cal Valley filed a Reply (Doc. 51).

contractual relationship with Cal Valley as an agent to procure proper insurance. (Doc. 15 at 3). In March 2020, Plaintiff Capitol Specialty Insurance Corporation ("Capitol") issued an insurance policy to CRC (the "Policy"). (Docs. 1 ¶ 14; 15 at 1). Three months later Nigh was sued by nonparty Calyxt Incorporated for strict liability, negligent trespass, negligence per se, private nuisance, and violation of A.R.S. § 3-367. (*Id.* ¶ 23); *see Calyxt, Inc. v. Morris Ag Air Southwest, LLC, et al.*, No. CV-20-01221-PHX-DLR (D. Ariz. 2020) (the "Underlying Action"). Capitol and CRC are not named as parties in the Underlying Action.

### A. Capitol's Complaint Against Nigh and CRC, and Nigh and CRC's Answer and Counterclaim

The present case concerns the scope of the Policy that Capitol issued CRC. Capitol filed a Complaint (Doc. 1) against Nigh and CRC claiming: (1) the Policy does not provide coverage to Nigh on the claims asserted against him in the Underlying Action; and (2) the Policy does not provide coverage to CRC should it be added as a defendant in the Underlying Action. (*Id.* ¶¶ 32–37). Nigh and CRC filed a Counterclaim (Doc. 15) against Capitol contesting Capitol is obligated under the Policy to defend and indemnify Nigh in the Underlying Action. (*Id.* at 3).

### B. Nigh and CRC's Third-Party Complaint Against Cal Valley

Nigh and CRC also filed a Third-Party Complaint (Doc. 15 at 3) against Cal Valley. Nigh and CRC allege they "counted on Cal Valley [] to obtain proper insurance to protect [] against claims such as the one referred to in this action." (*Id*). They further represent Cal Valley "owed a professional duty . . . to obtain proper insurance to protect Plaintiff[3] against claims" such as those brought in the Underlying Action. (*Id.*) Accordingly, Nigh and CRC request "judgment against [Cal Valley] to provide costs of defense and indemnification for any amount that may be recovered in the [U]nderlying [Action]" but *only if* Capitol prevails on its claim that it is not obligated to cover Nigh in the Underlying

---

[3] It is unclear whether Nigh and CRC intended to use the label "Plaintiff" to refer to Nigh individually as a Third-Party Plaintiff or CRC individually as a Third-Party Plaintiff.

Action. (*Id.*)

### C. Procedural History of Nigh's Amended Motion for Summary Judgment

On August 31, 2021, the Court issued its Rule 16 Scheduling Order (Doc. 19) ("Rule 16 Order") and set the deadline for completion of fact discovery as December 1, 2022. (*Id.* ¶ 4). Nigh filed his Amended Motion for Summary Judgment against Cal Valley on the issue of attorneys' fees[4] and indemnification in the Underlying Action. He did so eight months before the close of discovery. After several requests for extensions of time (Docs. 39; 43; 45), Cal Valley filed a Response (Doc. 49). Nigh filed a Reply (Doc. 51). Cal Valley then moved to Strike Nigh's Reply because it raised new evidence. (*See generally* Doc. 49).

The Court will first address Cal Valley's Motion to Strike to define the scope of Nigh's Amended Motion for Summary Judgment. The Court will then examine Nigh's Motion.

## II. Motion to Strike

Cal Valley requests the Court to strike the Nigh's Reply to his Amended Motion for Summary Judgment because it "reference[s] information and purported evidence not presented in their initial Motion." (*Id*. at 1). Nigh urges the Court to allow Cal Valley to respond to his Reply instead of striking their Reply. (Doc. 50 at 1–2).

Under the Local Rules of Civil Procedure, a motion to strike may be filed in only two situations: (1) when the motion to strike is authorized by statute or rule, or (2) when the motion to strike seeks to strike a filing or submission because it is prohibited by statute, rule, or court order. LRCiv. 7.2(m)(1). The Court's Rule 16 Order states that "[a]ll evidence to support a motion or response must be attached to the motion or response and consistent with LRCiv 56.1(f) . . . . No evidence may be submitted with a reply." (Doc. 19 ¶ 7(b)); (*see also Id*. at 5 n.1) ("A reply may cite only evidence attached to the motion or response and may not add new evidence."). "[W]here new evidence is presented in a reply

---

[4] In his Motion, Nigh seeks attorneys' fees from Cal Valley in both the Underlying Action and present matter. (Doc. 33 at 2).

- 3 -

to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (quoting *Black v. TIC INV. Corp.,* 900 F.2d 112, 116 (7th Cir. 1990) (alterations in original).

Pages 3–7 of Nigh's Reply include an entirely new set of facts supported by an attached declaration that was not provided with his opening brief. (Doc. 51 at 3–7, 11). Thus, Nigh's Reply is in direct violation of the Court's Rule 16 Order (*See* Doc. 19 ¶ 7(b)). The Court will not consider such evidence when evaluating Nigh's Amended Motion for Summary Judgment. *Provenz*, 102 F.3d at 1483. However, the Court finds no need to provide Cal Valley an opportunity to respond to this new evidence or grant their Motion to Strike because, as will be explained below, Nigh's Amended Motion for Summary Judgment will be denied as wholly deficient. The Court will therefore deny Cal Valley's Motion to Strike as moot.

**II.     Motion for Summary Judgment**

In his Motion, Nigh seeks summary judgment on his claim that Cal Valley is obligated to compensate him for attorney fees in both the Underlying Action and present matter. (Doc. 33 at 2). He also asserts that Cal Valley should pay any judgment rendered against him in the Underlying Action under A.R.S. § 12-341.01.[5] (*Id*.) Nigh represents Cal Valley acted as broker to acquire the Policy from Capitol and argues it was negligent when it failed to procure a commercial general liability policy. (*Id*.) He maintains Cal Valley's negligence "resulted in [] Nigh not being covered for the [U]nderlying [Action]" under the Policy. (*Id*. at 2–3).

Cal Valley found no need to respond to the merits of Night's argument because his motion is "fatally defective" in three respects: (1) his Motion fails to meet his burden under Federal Rule of Civil Procedure 56;[6] (2) his arguments therein are inconsistent with and

---

[5] A.R.S. § 12-341.01 provides that in "any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees."

[6] As explained in its Rule 16 Order, this Court suspends LRCiv 56.1, except subsection (d), and decides summary judgment motions under Federal Rule of Civil Procedure 56 only. (Doc. 19 ¶ 7(b))

- 4 -

contradictory to his Answer and Counter Claim; and (3) his Motion is premature. (Doc. 47 at 3–8) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 160 (1970) ("[W]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.") (internal quotations omitted)). The Court agrees with Cal Valley.

### A. Legal Standard for Summary Judgment

A court will grant summary judgment if the movant shows there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A factual dispute is genuine when a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court does not weigh evidence to discern the truth of the matter; it only determines whether there is a genuine issue for trial. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994). A fact is material when identified as such by substantive law. *Anderson*, 477 U.S. at 248. Only facts that might affect the outcome of a suit under the governing law can preclude an entry of summary judgment. *Id.*

The moving party bears the initial burden of identifying portions of the record, including pleadings, depositions, answers to interrogatories, admissions, and affidavits, that show there is no genuine factual dispute. *Celotex*, 477 U.S. at 323. Once shown, the burden shifts to the non-moving party, which must sufficiently establish the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986); *see also Celotex Corp.*, 477 U.S. at 324, (holding the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial"). The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. But if the non-movant identifies "evidence [that] is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). "Where the record taken as a whole could not lead a rational trier of

fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

Additionally, "the moving party must offer evidence sufficient to support a finding upon every element of his claim for relief, except those elements admitted by his adversary in his pleadings, or by stipulation, or otherwise during the course of pretrial." *United States v. Dibble*, 429 F.2d 598 , 601 (9th Cir. 1970). "[W]here [] the moving party bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence were uncontroverted at trial." *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992). The standard for granting summary judgment thus "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)[.]" *Celotex*, 477 U.S. at 323. "A plaintiff seeking summary judgment who has failed to produce such evidence on one or more essential elements of his cause of action is no more 'entitled to a judgment' . . . than is a plaintiff who has fully tried his case and who has neglected to offer evidence sufficient to support a finding on a material issue upon which he bears the burden of proof." *Dibble*, 429 F.2d at 601 (quoting Fed. R. Civ. P. 56(c)).

### B.   Nigh's Motion is Devoid of Factual Support

First, Nigh's bare bones Motion does not set forth any facts and is based on a foundationless affidavit. A moving party can rely on affidavit or declaration in support of his summary judgment motion so long as it is "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. (56)(c)(4). In an affidavit with expert testimony, "an expert must back up his opinion with specific facts." *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981). Expert testimony is an inappropriate vehicle to establish legal conclusions. *See United States v. Scholl,* 166 F.3d 964, 973 (9th Cir. 1999) (citing *Aguilar v. International Longshoremen's Union*, 966 F.2d 443, 447 (9th Cir.1992); *see also Chartis Prop. Cas. Co. v. Alpert*, 2013 WL 4430957, at *10 (D. Ariz. Aug. 16, 2013), *aff'd in part*, *appeal dismissed in part*, 624 F. App'x 511 (9th Cir. 2015) ("To the extent that an expert's opinions are merely legal conclusions, [a

c]ourt can disregard it.").

Here, the only source of factual support that Nigh relies on is an affidavit[7] by purported "expert witness" Jeffrey Jamieson ("Mr. Jamieson"), a commercial insurance broker for Capitol West Insurance. (Docs. 48 at 2; 33 at 10). Mr. Jamieson states that "Cal Valley [] was negligent and fell in the insurance industry below the standard of care prevailing." (Doc. 33 at 3). He also lists the duties of an insurance broker, such as Call Valley. (*Id.*) But these statements are all legal conclusions. Mr. Jamieson does not back up his opinions with any facts detailing Cal Valley's actions (or inactions). He does not provide any evidence as to what communications occurred between Nigh and Cal Valley or what information Cal Valley provided. Thus, the affidavit will be disregarded to the extent it provides baseless legal conclusions. *Chartis*, 2013 WL 4430957, at *10.

Nigh's Motion also appears to make legal arguments without any supporting facts or analysis. For example, Nigh relies on Mr. Jamieson's interpretation of certain provisions of the Policy at issue to say Cal Valley was negligent. (Doc. 33 at 7–8). However, Nigh does not provide an actual copy of the Policy. *See Dibble*, 429 F.2d at 601 (finding an affidavit in support of a summary judgment motion insufficient because a "recitation" of provisions "is not itself proof that any such terms existed"). And while Nigh claims Cal Valley acted as an insurance broker for him and CRC, he does not provide any evidence to establish that relationship.

Last, Cal Valley points out inconsistencies among the allegations in Capitol's Complaint, Nigh and CRC's Answer and Counterclaim, Nigh and CRC's Third-Party Complaint, and Nigh's Motion. (Doc. 47 at 5). Capitol says it issued the Policy to CRC only. (Doc. 1 ¶ 14). Nigh does not dispute this statement, nor does he allege that Capitol issued him an insurance policy. (Doc. 15 at 1). Nonetheless, Nigh goes on to claim that Capitol is obligated under the Policy to defend and indemnify him in the Underlying Action even though CRC, the presumed policy holder, is not a named defendant. (Doc. 15 at 2).

---

[7] Nigh did not attach any exhibits to his Third-Party Complaint (*see* Doc. 15). The only exhibits attached to the Complaint are the original and amended complaints in the Underlying Action (Docs. 1 ¶ 15; 1-1; 1-2). Nigh does not refer to either exhibit in his Motion.

- 7 -

These inconsistencies further exacerbate Nigh's failure to show there is no dispute of material fact. *See* Fed. R. Civ. P. 56(a); *see also Celotex*, 477 U.S. at 323.

### C. Nigh's Motion is Devoid of Legal Support

Second, Nigh does not cite to a single legal authority when making his motion for summary judgment. Nigh claims "[t]he negligence of Cal Valley . . . resulted in [] Nigh not being covered for the [U]nderlying [Action.]" (Doc. 33 at 2). Yet he fails to outline the *prima facie* elements for negligence or provide any evidence to support such a claim. *See, e.g.*, *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (explaining the elements of a negligence claim are duty, breach, causation, and damages).

Additionally, by citing A.R.S. § 12-341.01, Nigh appears to imply he is the "successful party" in an "action arising out of a contract, express or implied." A.R.S. § 12-341.01; (*See* Doc. 33 at 2). Yet he does not state the elements for any type of contract claim or sufficiently show a contract existed between him, CRC, and Cal Valley. *See Dibble*, 429 F.2d at 601 (finding a movant's motion for summary judgment insufficient because "nothing in the documents filed purports to impose any contractual duty" on the nonmovant). And it is certainly not the Court's role to "hunt for facts or theories that might support either party's case." (Doc. 19 at 5 n.1). These glaring deficiencies show Nigh has utterly failed to prove he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *see also Celotex*, 477 U.S. at 323.

### D. Nigh's Motion is Premature

Last, Nigh's Motion is premature given it was filed eight months before the discovery deadline. (Doc. 19 ¶ 4). Summary judgment is only appropriate "after adequate time for discovery." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000); *Celotex*, 477 U.S. at 322. "[T]he conduct of discovery is generally left to a district court's discretion" and "summary judgment is disfavored where relevant evidence remains to be discovered." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004).

In their Third-Party Complaint, Nigh and CRC request for "judgment against [Cal Valley] to provide costs of defense and indemnification for any amount that may be

recovered in the [U]nderlying [Action]" but *only if* Capitol prevails on its claim that it is not obligated under the Policy to cover Nigh in the Underlying Action. (Doc. 15 at 3). Cal Valley points out that at the time Nigh filed his Motion, this matter was "still in the discovery phase with disclosures exchanged, discovery exchanged and pending, no supplemental disclosures of any change in position or theory of claim or defense, and no expert disclosures." (Doc. 47 at 6). There has been no adjudication on the scope of the Policy as contested by the Complaint and Counterclaim and so "the liability predicated to the Third-party Complaint [against Cal Valley] remain[ed] open." (*Id*. at 6, 8). Thus, the awaiting need for relevant evidence show Nigh's Motion is entirely premature.

**IV.  Conclusion**

In sum, Nigh's premature Motion is devoid of any factual evidence and legal analysis. This falls far from justifying an award of attorney's fees or indemnification of a hypothetical judgment. "[S]ummary judgment is neither a method of avoiding the necessity for proving one's case nor a clever procedural gambit whereby a claimant can shift to his adversary his burden of proof on one or more issues. *Dibble*, 429 F.2d at 601 (quoting *Adickes*, 398 U.S. at 160). Nigh "is no more 'entitled to a judgment' . . . than is a plaintiff who has fully tried his case and who has neglected to offer evidence sufficient to support a finding on a material issue upon which he bears the burden of proof." *Id.* (quoting Fed. R. Civ. Pro. 56(c)). The Court therefore denies Nigh's Motion as wholly deficient.[8]

The Court further finds Nigh's Motion *so deficient* that Nigh should not bear any costs associated with its production or filing. Counsel to Nigh and CRC are reminded of their duty to provide competent representation to counsel. Ariz. Rule of Pro. Conduct ER 1.1 ("A lawyer shall provide competent representation to a client," which "requires the

---

[8] The deadline for dispositive motions has not yet passed and the Court notes that, by statute, "[n]o party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure unless permission is first obtained from the Court." (Doc. 19 ¶ 7(c)). Given the wholly deficient nature of his Motion, it is unclear whether Nigh would be unduly prejudice should the Court deny him another opportunity to file an additional motion for summary judgment. To the extent Plaintiff seeks an additional motion, he shall include an argument supported by good cause explaining why the Court should make an exception to the rule.

legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."); *see also* ER 1.3.

Accordingly,

**IT IS ORDERED** that Defendant/Counter Claimant/Third-Party Plaintiff Jeffrey Nigh's Amended Motion for Summary Judgment (Doc. 33) is **DENIED**. Third-Party Defendant Cal Valley Insurance Services, Inc.'s Motion to Strike (Doc. 49) is therefore **DENIED as moot.**

**IT IS FINALLY ORDERED** that within **five (5)** days of this Order's issuance, Counsel for Defendant/Counter Claimant/Third-Party Plaintiff Jeffrey Nigh shall notify the Court that Nigh was not charged any fees or costs associated with the drafting or filing of the wholly deficient Motion (Doc. 33) and Reply (Doc. 48).

Dated this 22nd day of March, 2023.

Honorable Diane J. Humetewa
United States District Judge