**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Capitol Specialty Insurance Corporation, | No. CV-21-00858-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Colorado River Consulting Incorporated, et al., | |
| Defendants. | |

Before the Court is a "Motion for Reconsideration, or, Alternatively, Motion for Clarification" (Doc. 120)[1] filed by Third Party Defendant Cal Valley Insurance Service Inc. ("Cal Valley") challenging the Court's March 20, 2024, Order (Doc. 117) (the "March Order"). Relevant here, the March Order granted in part and denied in part Cal Valley's Motion to Strike (Doc. 84) and allowed Nigh's expert, Mr. Jeffrey Jamieson, to testify at trial within a limited scope. (Doc. 117 at 16–21). Cal Valley urges the Court to overturn its ruling, grant the Motion to Strike, and enter summary judgment for Cal Valley against Nigh based on A.R.S. 12-2602(A).[2] (Doc. 120 at 6–7).

---

[1] Also pending is a "Motion for Leave to Amend Counterclaim" (Doc. 115) filed by Defendants Jeffrey Nigh and Colorado River Consulting, Inc. (collectively, "Nigh"). The Court will address the Motion to Amend by way of a separate order.

[2] A.R.S. 12-2602(A) provides that "[i]f a claim against a licensed professional is asserted in a civil action, the claimant or the claimant's attorney shall certify in a written statement that is filed and served with the claim whether or not expert opinion testimony is necessary to prove the licensed professional's standard of care or liability for the claim." In turn, A.R.S. 12-2602(F) directs that "[t]he court, on its own motion or the motion of the licensed professional, shall dismiss the claim against the licensed professional without prejudice if the claimant fails to file and serve a preliminary expert opinion affidavit after the claimant or the claimant's attorney has certified that an affidavit is necessary or the

Alternatively, Cal Valley "requests clarification as to the scope of permitted trial testimony of Mr. Jamieson[.]" (*Id*. at 7). The Court will summarize the procedural history of the Motion to Strike and the March Order before turning to Cal Valley's arguments.

## I.   Procedural History

Cal Valley moved to strike Nigh's designation of Mr. Jamieson as an expert commercial insurance broker on the grounds that Nigh's expert disclosure was (1) untimely and "submitted beyond any court-ordered deadline for disclosure of expert opinions, initial or rebuttal" and (2) and deficient under Federal Rule of Civil Procedure 26(a)(2)(A) because (a) the opinions in Mr. Jamieson's Declaration (Doc. 33 at 7–9) consisted of baseless legal conclusions and (b) his curriculum vitae and statement of compensation were untimely disclosed in piecemeal. (Doc. 84 at 4–5). Cal Valley requested that Nigh be sanctioned under Rule 37(c)(1) such that any purported expert testimony by Mr. Jamieson should be precluded at trial. (*Id*. at 1) Nigh opposed, arguing he properly disclosed Mr. Jamieson as an expert or, alternatively, that any disclosure deficiency on his part was harmless. (Doc. 85 at 2).

In the March Order, the Court identified four factors a court should evaluate when determining whether a violation of a discovery deadline is substantially justified or harmless: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." (Doc. 117 at 20 (citing *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010)). Upon assessing these factors, the Court held that Nigh's disclosure of Mr. Jamieson was deficient but nonetheless harmless. (*See generally id*. at 16–21).

Specifically, the Court first concluded that Nigh's deficient disclosures were harmless because Nigh had made Cal Valley aware of his intent to rely on Mr. Jamieson as an expert, Mr. Jamieson's intended opinions, and Mr. Jamieson's curriculum vitae ten

court has ordered the claimant to file and serve an affidavit."

months before Nigh's expert disclosure deadline and sixteen months before the expert deposition deadline.  (*Id*. at 20).  The Court further found that any prejudice posed to Cal Valley was cured because Cal Valley had a generous period to engage in discovery on Mr. Jamieson's intended opinions and it also deposed Mr. Jamieson.  (*Id*. (citing *Lister v. Hyatt Corp.*, 2019 WL 6701407, *8 (W.D. Wash. Dec. 9, 2019); *Sempra Energy v. Marsh USA, Inc.*, 2008 WL 11335050, *8 (C.D. Cal. Oct. 15, 2008)).  While acknowledging Cal Valley's representation that it only asked four questions during Mr. Jamieson's deposition, the Court nonetheless concluded that Cal Valley's failure to diligently participate could not be attributed to Nigh.  (*Id*. at 20–21 (citing *Reed v. Sandstone Props., Ltd. P'ship*, 2013 WL 1344912, *5 (C.D. Cal. Apr. 2, 2013); *Dhaliwal v. Singh*, 2014 WL 2957310, at *7 (E.D. Cal. 2014)).  The Court agreed with Cal Valley that Nigh's expert witness disclosures were deficient, but found that Nigh overall provided enough information to Cal Valley early in the discovery period such that any deficiencies in his disclosures were harmless.  (*Id*. at 21 (citing *Lister*, 2019 WL 6701407, *7)).

Because Nigh's failure to comply with Rule 26(a)(2)(B) was harmless, the Court denied Cal Valley's request to sanction Nigh by wholly excluding Mr. Jamieson's expert testimony at trial under Rule 37(c)(1).  (*Id*. at 21).  However, the Court recognized that "[a party] should not obtain a strategic litigation advantage because of [his] own failure." (*Id*. (citing *Carrillo v. B&J Andrews Enterprises, LLC*, 2013 WL 394207, *7 (D. Nev. Jan. 29, 2013)).  So, the Court granted Cal Valley's Motion to strike in part and limited Mr. Jamieson's testimony to the subject matter of his opinions disclosed in his Declaration.  *Id*.  Cal Valley now urges the Court to reconsider its ruling, grant the Motion to Strike, and enter summary judgment for Cal Valley against Nigh based on A.R.S. 12-2602(A).  (Doc. 120 at 6–7).  Alternatively, Cal Valley "requests clarification as to the scope of permitted trial testimony of Mr. Jamieson as to the "subject matter" of the opinions provided in his Declaration."  (*Id*.)

/ / /

## II.    Legal Standard

Motions for reconsideration should be granted only in rare circumstances.  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Indeed, Arizona Local Rule of Civil Procedure 7.2 provides "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).  The movant must specify "[a]ny new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier." *Id*.  This is because "[m]otions for [r]econsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Whether to grant a motion for reconsideration is left to the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003).  In this district, motions for reconsideration will be granted when:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> (2) There are new material facts that happened after the Court's decision;
>
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
>
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

- 4 -

1    *Blankinship v. Union Pac. R.R. Co.*, 2022 WL 16715467, at *4–5 (D. Ariz. Nov. 4, 2022)

2    (quoting *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D.

3    Ariz. 2003)).   Such motions should not be used for the purpose of asking a court "to

4    rethink what the court had already thought through—rightly or wrongly."   *Defenders of*

5    *Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt,*

6    *Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).   A mere

7    disagreement with a previous order is an insufficient basis for reconsideration. *See Leong*

8    *v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

9    **III.    Discussion**

10            **A.     Motion for Reconsideration**

11           Cal Valley argues the Court erred when declining to strike Nigh's expert

12   disclosure for two reasons.   First, Cal Valley contends "the considerations and cited

13   authority discussed in the Court's finding of harmlessness in [the March Order] are too

14   inapposite to the facts and context of this case to legally justify a harmlessness excuse to

15   the exclusion sanction provided by Rule 37(c)."   (Doc. 120 at 2).   After presenting its

16   version of the underlying facts in *Carrillo v. B&J Andrews Enterprises, LLC*, 2013 WL

17   394207 (D. Nev. Jan. 29, 2013), *Lister v. Hyatt Corp.*, 2019 WL 6701407 (W.D. Wash.

18   Dec. 9, 2019), *Sempra Energy v. Marsh USA, Inc.*, 2008 WL 11335050 (C.D. Cal. Oct.

19   15, 2008), *Reed v. Sandstone Properties, L.P.*, 2013 WL 1344912 (C.D. Cal. April 2,

20   2013), *Dhaliwal v. Singh*, 2014 WL 2957310, at *7 (E.D. Cal. 2014), and *Lanard Toys.*

21   *Ltd. v. Novelty, Inc.*, 375 F. Appx. 705 (9th Cir. 2010), Cal Valley conclusively posits

22   that Nigh's non-disclosure of Mr. Jamieson's opinions presents "a significantly more

23   egregious violation of Rule 26(a)(2)(B)."   (*Id.* at 2–4).   But Cal Valley does not cite to

24   any binding authority contrary to the Court's exercise of discretion under Rule 37(c).

25   And Cal Valley's disagreement in application of analogous, persuasive authorities is

26   hardly a reason to grant a motion for reconsideration.   *See Leong*, 689 F. Supp. at 1573.

27           Second, Cal Valley contends that Nigh's deficient disclosures were not harmless

28   under the four factors set forth in *Lanard.*   (Doc. 120 at 4–6).     It reargues it was

prejudiced because the deficiencies in Mr. Jamieson's Declaration prevented it from meaningfully preparing to depose Mr. Jamieson. (Doc. 120 at 5).    But these are all arguments that the Court considered in its March Order when concluding that any prejudice posed to Cal Valley could have been cured because Cal Valley had a generous time period to engage in discovery on Mr. Jamieson's intended opinions and its failure to diligently participate in Mr. Jamieson's deposition cannot be attributable to Nigh. (Doc. 117 at 20–21).  Of further note, Cal Valley's retention of insurance industry expert Mr. Dale as a rebuttal expert serves as further support that prejudice has been cured. There is no evidence suggesting that the Court failed to consider material facts when deciding Nigh's deficient disclosure was harmless.

Cal Valley also argues that allowing Nigh's deficient disclosures "engender multiple disruptions going into and during trial" and "there is more than a sufficient showing of at least willfulness in Nigh's non-disclosure."  (Doc. 120 at 5–6).  But Cal Valley made no mention in its prior Motion to Strike of the potential for trial disruptions or Nigh's willfulness.  (*See generally* Docs. 84; 88).  Cal Valley did not present these arguments in its earlier Motion to Strike, and the Court will not entertain new arguments brought on a motion for reconsideration.  *Kona Enterprises, Inc*, 229 F.3d at 890; *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

In sum, Cal Valley has not identified any circumstance that would merit reconsideration of the March Order: it has not demonstrated that there are material differences in fact or law from that presented to the Court at the time it issued the March Order; it has not demonstrated that there are new material facts that occurred after the March Order; and it has not demonstrated that the Court failed to consider material facts that were presented before the March Order.  *See Blankinship*, 2022 WL 16715467, at *4–5.   Nor is there evidence in the March Order of a "wholesale disregard, misapplication, or failure to recognize" controlling law.  *Wassef v. JPMorgan Chase Bank, N.A.*, 2013 WL 2896853, at *2 (D. Ariz. June 13, 2013) (quoting *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 218, 220 (D.

Ariz. 2012)).   The Court assessed the *Lanard* factors when ruling on Cal Valley's Motion to Strike and will not rethink what it has already thought through.   *See Defenders of Wildlife*, 909 F. Supp. at 1351.   Cal Valley itself "recognizes that the Court has significant discretion in administering disclosure sanctions" (Doc. 120 at 6), yet has proffered no reason demonstrating that the Court abused its wide discretion or otherwise committed manifest error.   For these reasons Cal Valley's Motion for Reconsideration will be denied.

### B.    Motion for Clarification

The Court now turns to Cal Valley's request for clarification of the March Order. The March Order granted Cal Valley's Motion in part and sanctioned Nigh by limiting Mr. Jamieson's testimony to the subject matter of his opinions disclosed in his Declaration. (Doc. 117 at 21, 25).   As to Cal Valley's request that the Court clarify "the scope of permitted trial testimony of Mr. Jamieson as to the 'subject matter' of the opinions provided in his Declaration"  (Doc. 120 at 7), the Court declines to summarize Mr. Jamieson's Declaration for Cal Valley.   Cal Valley is directed to read the ten paragraphs that make up Mr. Jamieson's Declaration (*See* Doc. 33 at 7–9) to ascertain "just what Mr. Jamieson can say on the stand."[3]   (Doc. 120 at 6).   To be clear, the Court is certainly not precluding Cal Valley from raising objections at trial to testimony it believes is outside the scope of Mr. Jamieson's Declaration.   To the extent there is specific testimony offered during trial that Cal Valley believes is beyond the scope of the opinions listed in Mr. Jamieson's Declaration, or is otherwise prejudicial for lack of opportunity to explore during discovery, Cal Valley may make the appropriate motion and limine or objection at trial.

---

[3] Cal Valley repeatedly points to the Court's previous statement that Mr. Jamieson's Declaration included "baseless legal conclusions" (*see e.g.*, Docs. 84 at 4; 88 at 2, 3; 120 at 4, 5 6). In doing so,  Cal Valley seems to suggest that the Court has been inconsistent in its characterization of Mr. Jamieson's opinions.  It has not.  The Court characterized Mr. Jamieson's opinions as "baseless legal conclusions" when rejecting Mr. Nigh's attempt to rely on Mr. Jamieson's Declaration as the entire basis for his premature Motion for Summary Judgment (Doc. 33) against Cal Valley, a dispositive motion that was filed months before the expert disclosure or deposition deadlines in this matter. (*See* Doc. 67 at 6–7).  The expert disclosure issue at hand is separate and distinct.

Accordingly,

**IT IS ORDERED** that Cal Valley's "Motion for Reconsideration, or, Alternatively, Motion for Clarification" (Doc. 120) is **DENIED**.

Dated this 12th day of June, 2024.

Honorable Diane J. Humetewa
United States District Judge