**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Capitol Specialty Insurance Corporation, | No. CV-21-00858-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Colorado River Consulting Incorporated, et al., | |
| Defendants. | |

Before the Court is Third-Party Defendant Cal Valley Insurance Services, Inc.'s Motion for F.R.C.P. 54(b) Entry of Final Judgment on Nigh's Third-Party Complaint Against Cal Valley Insurance Services, Inc. (Doc. 282.) Defendants filed a Response, (Doc. 285), to which Plaintiff Capitol Specialty Insurance Corporation filed a Joinder, (Doc. 286). Cal Valley filed a Reply, (Doc. 290), as well as a separate Reply opposing Plaintiff's Joinder, (Doc. 291).

For the reasons that follow, the Court will deny Cal Valley's Motion.

## I.    BACKGROUND

Plaintiff Capitol Specialty Insurance Corporation ("Capitol") brought this matter seeking a declaratory judgment that its insurance policy ("the Policy") issued to Defendant Jeffrey Nigh[1] did not provide coverage and that Capitol had no duty to defend or indemnify Nigh for claims asserted by Defendant Calyxt Incorporated ("Calyxt") against Nigh in an underlying lawsuit. Defendants Nigh and Calyxt filed counterclaims for a declaratory

---

[1] The Court uses "Nigh" to refer collectively to both Mr. Nigh and his business, Defendant Colorado River Consulting, Inc.

judgment that Capitol is obligated to defend and indemnify Nigh against Calyxt's claims. Nigh also filed a Third-Party Complaint against his insurance broker, Cal Valley Insurance Services, Inc. ("Cal Valley"), requesting judgment be entered against Cal Valley for the costs of defense and indemnification should Plaintiff prevail on the coverage issue.[2] On July 2, 2025, the jury returned a verdict for Defendants that the Policy provides coverage for Calyxt's claims against Nigh. (Doc. 250.) Because the jury found there was coverage under the Policy, as a matter of law, it did not reach the issue of whether Cal Valley was negligent in procuring the Policy. (*See id.*)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(b)[3] permits a district court in appropriate circumstances to enter final judgment on one or more claims while others remain unadjudicated. *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018). Rule 54(b) "was adopted specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case. The Rule thus aimed to augment, not diminish, appeal opportunity." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (citation modified). Even so, "[w]hether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests 'is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

Two determinations must be made before entering final judgment under Rule 54(b). First, the Court must "determine that it is dealing with a 'final judgment.'" *Curtiss-Wright*, 446 U.S. at 7. "It must be a 'judgment' in the sense that it is a decision upon a cognizable

[2] The crux of Nigh's third-party professional negligence claim against Cal Valley was that, if there was no coverage under the Policy and Nigh was liable, then Cal Valley was negligent in procuring the Policy for Nigh. (*See* Doc. 15 at 3.)

[3] "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

- 2 -

claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Second, the Court "must go on to determine whether there is any just reason for delay." *Id.* at 8. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.* (quoting *Sears, Roebuck & Co.*, 351 U.S. at 435).

## III.   ANALYSIS

As a threshold matter, Cal Valley argues Capitol's Joinder should not be considered by the Court because "Capitol has no standing to either oppose Cal Valley's Motion or to appeal a Rule 54(b) final judgment on the Third-Party Complaint." (Doc. 291.) Because Capitol presents no independent arguments in its Joinder to Defendants' Response, the Court need not determine Capitol's standing to oppose the Motion and will simply consider Defendants' Response.

### A.  Final Judgment

Cal Valley argues that the jury's Phase One verdict finding coverage under the Policy and establishing Capitol's liability constitutes a final judgment on the Third-Party Complaint against Cal Valley. In support, Cal Valley cites *Ginett v. Computer Task Group, Inc.*, where the Ninth Circuit held that "[i]f the decision ***ends the litigation of that claim on the merits*** and leaves nothing for the court to do but execute the judgment entered on that claim, then the decision is final." 962 F.2d 1085, 1092 (9th Cir. 1992) (emphasis added). Here, the parties have unanimously agreed that "Cal Valley is out of the case" if the jury finds there is coverage under the Policy. (Doc. 282 at 3.) But crucially, and fatally for Cal Valley's request, the liability judgment against Capitol does not dispose of the separate and distinct professional negligence claim against Cal Valley "on the merits." *Ginett*, 962 F.2d at 1092. Indeed, after finding there was coverage under the Policy, the jury was informed to not reach the question of whether Cal Valley breached the standard of care owed to Nigh. (*See* Doc. 250.) By comparison, in *Ginett* the district court resolved

the merits of the claim on summary judgment, which constitutes a "final judgment" within the meaning of Rule 54(b). *See* 962 F.2d at 1090.

Defendants assert that "without a final judgment on the coverage claim, there can be no final judgment on the claim against Cal Valley." (Doc. 285 at 4.) In support, Defendants cite two analogous cases where a judgment on liability was not final because the court still had to determine issues related to damages and other relief. *See Brown v. U.S. Postal Serv.*, 860 F.2d 884, 886 (9th Cir. 1988) ("A district court judgment of liability is not a final judgment where it remains for the district court to assess damages or adjudicate other claims for relief."); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 743–44 (1976). Both *Brown* and *Wetzel* concerned a judgment establishing liability on a single claim, where the district court had not yet resolved the specific relief to be awarded to the prevailing party. Applied to the present case, *Brown* and *Wetzel* are good examples of why the judgment on liability against Capitol is not final. As in *Brown* and *Wetzel*, the issue of damages against Capitol must still be resolved in Phase Two. But as to Cal Valley, its liability on the third-party professional negligence claim is as yet to be determined.

Another analogous case is *Weiss v. York Hospital*, 745 F.2d 786 (3d Cir. 1984). *Weiss* involved a bifurcated trial where the jury in the liability phase returned verdicts against certain defendants while finding in favor of other defendants who were not liable. *Id.* at 792. The defendants who were found liable appealed, but the Third Circuit held it lacked appellate jurisdiction: "[B]ecause the trial was bifurcated and additional proceedings, including the determination of certain defenses and of damages, are yet to take place, most of these 'judgments' (i.e., those not resulting in verdicts for the defendants) are not final within the meaning of 28 U.S.C. § 1291." *Id.* at 802. In other words, the only "final" judgments resulting from the liability phase were those in favor of the non-liable defendants, whom the Third Circuit noted "cannot appeal" because they prevailed. *Id.* But here, the jury never returned a verdict in favor of (or against) Cal Valley. Thus, it never even reached the issue of Cal Valley's alleged negligence.

. . .

- 4 -

**B. No Just Reason for Delay**

Even if there were a final judgment on the Third-Party Complaint, which there is not, entry of final judgment under Rule 54(b) would only be appropriate if the Court determines that there is no "just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.* (quoting *Sears, Roebuck & Co.*, 351 U.S. at 435). In making this determination, the Court:

> [M]ust take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." . . . It [is] therefore proper for the District Judge . . . to consider such factors as whether the claims under review [are] separate from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Curtiss-Wright*, 446 U.S. at 7–13. Significantly, the *Curtiss-Wright* Court noted other relevant factors a district court might consider, including "that the claims finally adjudicated were separate, distinct, and independent of any of the other claims or counterclaims involved." *Id.* at 5–6; *see also In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 275 (6th Cir. 2019) (providing a non-exhaustive list of factors that a district court should consider, including "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like" (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1030 (6th Cir. 1994))).

Cal Valley argues it faces imminent and ongoing hardship from the lack of finality on the third-party claim because its errors-and-omissions insurer did not renew its policy in August 2022, and on account of this open claim, Cal Valley has been declined

professional liability coverage by all of the admitted insurers to which it applied. (Doc. 282 at 14.) Furthermore, Cal Valley was also declined coverage by several non-admitted insurers but notes that it eventually obtained coverage with a non-admitted carrier in the surplus lines market.[4] (*Id.*) The Court is sympathetic.

Nonetheless, despite Cal Valley's alleged hardship, entry of final judgment under Rule 54(b) is improper because the Third-Party Complaint is plainly derivative of the issues in the main coverage claim between Capitol and Defendants. When considering a third-party claim, "[t]he primary consideration informing the exercise of the court's discretion in entering judgment under Rule 54(b) is the interrelationship of the adjudicated and unadjudicated claims." *Moore's Federal Practice* § 54.29[3] (3d ed. 2022). "If the third-party claims are entirely derivative of the main claims, such as an indemnity or contribution claim, a Rule 54(b) judgment on an adjudication of the third-party claims is an abuse of discretion if a later decision of the main claim could moot the third-party claims." *Id.* (citation and footnote omitted).

In the Third-Party Complaint for professional negligence, Defendants allege Cal Valley "owed a professional duty to Defendant to obtain proper insurance to protect Plaintiff against claims such as brought by Calyxt, Inc." (Doc. 15 at 3.) As to Defendants' requested relief, the Third-Party Complaint states: "If [Capitol] prevails [on the coverage issue], than [sic] Defendant requests a judgment against [Cal Valley] to provide costs of defense and indemnification for any amount that may be recovered in the underlying claim referred to in this action." (*Id.*) In other words, the Third-Party Complaint on its face is entirely derivative of the coverage claim between Capitol and Defendants.

Cal Valley's specific request also establishes entry of final judgment under Rule 54(b) is obviously wrong for another reason. The central inquiry under Rule 54(b) is whether a final decision on a claim is "ready for appeal." *Curtiss-Wright*, 446 U.S. at 8. But here, Cal Valley admits—and Defendants agree[5]—that entry of final judgment under

---

[4] However, Cal Valley had to increase its $10,000 deductible to $50,000 and has experienced a roughly 80% increase in premiums from 2022 to 2025 (an average of $41,000 more per year). (Doc. 282 at 14.)
[5] For the sake of argument, Defendants do not dispute that they would lack standing and

Rule 54(b) would conclusively preclude any future appellate review of a judgment on the Third-Party Complaint. (Doc. 282 at 8–13.) Such a result would contradict Rule 54(b)'s purpose "to augment, not diminish, appeal opportunity." *Jewel*, 810 F.3d at 628. Moreover, a final judgment for Cal Valley now would permanently extinguish Defendants' still-viable claim for negligence against Cal Valley. In the event the Ninth Circuit reverses the jury's Phase One verdict and remands for a new trial,[6] Defendants would be foreclosed from seeking alternative relief against Cal Valley. Therefore, the Court will deny Cal Valley's request for entry of final judgment under Rule 54(b).

Accordingly,

**IT IS ORDERED** Third-Party Defendant Cal Valley Insurance Services, Inc.'s Motion for F.R.C.P. 54(b) Entry of Final Judgment on Nigh's Third-Party Complaint Against Cal Valley Insurance Services, Inc. (Doc. 282) is **DENIED**.

Dated this 20th day of July, 2026.

_____
Honorable Roslyn O. Silver
Senior United States District Judge

---

that no party would ever be able to appeal the judgment on the Third-Party Complaint. (*See* Doc. 285 at 4–5.)

[6] For the reasons stated in the Court's prior Orders, (*see* Docs. 269; 279), reversal is unlikely. Regardless, the mere possibility precludes entry of final judgment on the Third-Party Complaint.